All rise. Hear ye, hear ye, hear ye. This Honorable Appellate Court of the Second District is back in session, pursuant to adjournment. The Honorable Susan Faye Hutchison presides. Please be seated. And someone please close the door. Just at the door. The third case, Your Honors, of the morning call, 211-0836, Stensrud v. Douglas Trent, Connie Butcher, and the Law Offices of Douglas, Trent, and Butcher. On behalf of the Appellant, Mr. Douglas Trent, on behalf of the Appellate, Mr. Mark Cagle. May I? Mr. Trent? May it please the Justices, good morning. My name is Douglas Trent. I'm here on behalf of the Law Offices of Douglas, Trent, and Connie Butcher. The matter comes before the Court on our repeal of rulings by the trial court. Let me start by saying we filed a motion, Rule 137 motion, for sanctions against Mr. Stensrud and his attorneys. There are many issues involved in this case. We're concerned about the way the trial court handled the proceedings. As to that particular motion, 137 petition, prior to that, had not the court already determined, already entertained a motion to dismiss that was denied? Well, that's convoluted. It either happened or it didn't happen. They filed a 216 motion to dismiss. Well, my understanding, if you look at the record, the court ruled on our motion of Rule 137, not on their motion to dismiss. That's an issue before the court. We were not entitled to a hearing on our motion 137. A careful reading of the transcript, my interpretation is the court ruled on our motion without a hearing, contrary to the law, not on their motion 216 2-619 motion to dismiss. That's my understanding. All right, but I'm talking about earlier on. When this first was filed, did you bring a motion to dismiss? Well, no. All right, go ahead. If I may, Your Honor. They filed a counter Dr. Ivo filed a complaint against Mr. Stentra, for denial of payment for his services. He's a chiropractic physician. The law firm of Mr. Piccioni filed a counter complaint against us on March 23, 2010 with vague allegations about we should be responsible for Dr. Ivo's bill. Counsel, there was eventually this third-party case was non-suited, right? Isn't that correct? It was a voluntary non-suit. How do you contend that you were entitled to notice that you, your firm, was entitled to notice of this when you were not the attorneys of record at the time? Well, we had attorneys. We had Patricia Argentati's office representing us at that time. And they went to court. Well, notice was sent to them, correct? Not according to Ms. Argentati and her affidavit. They did not receive notice of their motion. Well, does Rule 11 require that it be received or sent? That it be received. That they have actual notice of the hearing in February 2011. There's an affidavit that we filed that she filled out that they did not receive notice of the hearing in February 2011. And that's when Judge Kelsey granted their motion to non-suit the case without costs being assessed against them, contrary to the statute. Did they receive a copy of the order with... They did not. They did not receive a copy of the order. Ms. Argentati's firm proceeded with the case. It was set for an arbitration hearing in March or April of 2011. And they proceeded with the case and prepared a Rule 90, which they sent to the law firm of Mr. Pacione. It was then Mr. Taylor called Ms. Argentati and said, what are you doing? The case was dismissed. We dismissed the case. And then she contacted our office and reviewed the file and ascertained, yes, the case was not suited in February 2011. We had three or four days to add, within the 30 days to file our motion, Rule 137 motion for sanctions. Counsel, let me ask you this. Did you acknowledge in your motion for sanctions, you were aware on or about March 22, 2011 of the trial court's order granting plaintiff's motion to non-suit the complaint without prejudice or without costs? And did you then raise an objection to that at any point? We did not know about it. Ms. Argentati received notice maybe on the 27th, 28th day. What we did is we just had time to file a motion, Rule 137 motion, for sanctions, which we filed on the following Monday. Right, but did anybody ever complain specifically to the trial court about this order being entered without prejudice and without costs? That's my question. Ms. Argentati did not do that at that time. They were the attorneys of record for us. Couldn't you have gone in and requested, not you personally, but Ms. Argentati gone in and requested additional time to file either a response to the order or your 137 petition? A decision was made, apparently by her office, not to do that. So we, in representing ourselves, filed a Rule 137 motion. Did you file it or did she file it? No, we filed it. My office filed it. And why did you file it when you were represented? It was reluctant. She didn't know what to do at that time. It was set for an arbitration hearing. So we, no decision was made by her office. So we made the decision to do something on our own. I can see why you felt the need to do that, but did you have an appearance on file? By filing our motion, we thought that we had Ms. Argentati's appearance on file. We were a party to the lawsuit. Consequently, we felt we could file the motion on our behalf. We only had a couple of days to do it, Your Honor. And we timely filed it within 30 days. And we feel it's a good thing. Now, I think the issue is whether or not we were entitled to a hearing on our motion 1, 137. Now, keep in mind, they filed their counter complaint against us on March 23, 2010. They went into court on February 2011 and not sued it. Now, if you look at page three of their brief, they say, stencilled in his attorney's determinant, that the claims made against the Trent defendants related to their failure to obtain payment for Ivor Oaks bills were better addressed as the primary legal malpractice case in Cook County. But what they did is, they admit that they did not follow Rule 137. They brought us into court for almost one year, the law firm of Trent & Butcher, and we were incurred attorney's fees. We have a deductible of $10,000. We incurred attorney's fees of between $4,000 to $7,000, and they determined in January or February of 2011, almost one year later, not to proceed on the counter complaint against us. By that time, wasn't there an order indicating that their client was going to pay the amount of money? No. That's interesting. They went to an arbitration hearing uncontested, and the arbitration panel ruled that Mr. Stenswood was responsible for the fees for Dr. Iveron, an amount of approximately $20,000. And that was the crux of their counter complaint against us, saying that our law firm should be responsible for the fees incurred by Dr. Iveron. With reference to that arbitration finding and their dismissal, what's the time frame? Approximately, I'm not sure of the date. Maybe in April or May. It's in the transcript that they went before the arbitration panel, and the arbitrators ruled that Mr. Stenswood was responsible for the bills incurred by Dr. Iveron. And they had already dismissed their In February of 2011. Yes, ma'am. Now, if I may continue, now we feel the trial court denied us a hearing on our motion for Rule 137 when it just in my opinion, arbitrarily denied our motion. It really wasn't a ruling on their motion to dismiss. What even gets more interesting is that we came in on a motion for reconsideration which was denied, and they were awarded attorney's fees contrary to Rule 137. There's no statutory basis for them to be awarded attorney's fees by the trial court. All right, counsel, at the time you believed you were entitled to a hearing, which would have, I think, been May 25th, or sometime in that, the trial court here asked someone from your law firm what was done by the plaintiff that is sanctionable, and the attorney who appeared apparently wasn't comfortable in answering that and asked for continuance. Wasn't it scheduled for a hearing that day? I'm not sure. We had a conflict in the office. One of the associates appeared on that day, and I'm not sure. Well, maybe it's the sequence of events. Instead of walking in the door and appearing to be prepared, instead of saying, I'm not sure about this, could I have a continuance, why not counsel who is familiar with this case is not available today. May we have a continuance before any question is asked by the court? I cannot answer your question, Your Honor. Counsel, let me go back to your last point. Did you say there's nothing in 137 that would allow or permit the trial courts to award plaintiff's fees when they respond to defendants more than the sanctions? There's nothing in my understanding that I've ever viewed this statute many times in the case. Well, attorney's fees, including the reasonable attorney's fees, can be opposed against the party that the sanctions are issued against. Now, why did they file a counterclaim? See, that's the issue. Why did they file a counterclaim against us without doing a reasonable inquiry when the facts were clear? They just relied on statements by Mr. Stensrud. They had a settlement statement from our office to Mr. Stensrud clearly saying he was responsible for any unpaid medical bills to Dr. Eithrone. They had a workers' compensation settlement contract clearly stating that all the medical bills were not paid and that Mr. Stensrud would be responsible for them. But the court, this court, and we have too many courts involved, but the court we're reviewing here, I believe said that although there was a settlement, he agreed with the plaintiff that it did not apply to this particular case because there was an allegation about should something have been submitted and it wasn't. It wasn't a question of who's been submitted. So the trial court basically said it denied your motion, correct? Denied the motion to dismiss at that time. Without a hearing, yes. But what kind of a hearing did you want at that time? An evidentiary hearing where there's testimony, there's witnesses and testimony by Mr. Stensrud and Mr. Pagione as to whether or not they complied with Rule 137 before they filed a counterclaim against us. The statute is clear that we were entitled to a hearing. So there was a lot of speculation by Judge Kelsey with regard to what happened without an appropriate hearing. We clearly, we filed a very good motion, Rule 137 motion. We delineated what the law firm and Mr. Pagione should have done before they filed a counterclaim against us. In my opinion, we clearly indicated a violation of Rule 137 and we are entitled to a hearing. Is it common for opposing counsel to, when they're getting ready to file some sort of litigation, to call the other side and say, what have you got? Yes. They did and we gave it to them. They ignored it. They did. We gave it to them. We gave them a this was based on a workers' compensation case that our office handled for Mr. Stensrud. There was a, it's clear, the exhibits are in here. There was a substantial settlement of $152,000. So they already did that? They knew before they even filed against us, they knew that Mr. Stensrud was responsible for the unpaid attorney's bills to Dr. Iveron. We went before an arbitrator who told Mr. Stensrud that all the medical bills were not paid, that you are responsible for the medical bills to Dr. Iveron. We gave him a settlement contract that was explained to him that he signed indicating all the medical bills were unpaid. They could have asked Dr. Iveron who was responsible for the medical bills. Dr. Iveron didn't file the lawsuit against us. He filed it against Mr. Stensrud for unpaid medical bills. They went to an arbitration hearing where three lawyers panel came to the decision that Mr. Stensrud is solely responsible for the bills to Dr. Iveron. Why did they file a lawsuit against us in February 2010 and arbitrarily or March 2010 and arbitrarily dismiss it in February 2011 and make the determination that perhaps the lawsuit was incorrectly filed against our law office and it should be included in a lawsuit in Cook County? But wasn't the allegation in the complaint they filed against you not that, well, one of them was you should have paid the bills, but the primary one is that it was your obligation to submit the bills for payment. That was one of their allegations? No, that's not the way it works. That's between Iveron and the insurance company, Country Insurance. Do you have any questions? Any questions? You'll have an opportunity for rebuttal. I apologize if I was... No, that's okay. It's good to hear you in a room like this. I just have strong feelings about the case. No problem. Mr. Tater? Mr. Tater? May it please the court, counsel? This case comes before this court in the posture of... Now we need to hear you a little better, Mr. Tater. I'm sorry. I'm sorry. This case is before this court in the posture of a denial of a motion by Mr. Trent and a counter motion by my firm for sanctions based on the litigation surrounding the motion to non-suit in that particular case. Going back, first of all, to March of 2010, we had previously filed a legal malpractice lawsuit against Mr. Trent and his firm on behalf of Mr. Spencer. That case was pending in the court of appeals. Mr. Trent's defendants were represented in that case by Patricia Argentati and the Mulherin-Greyfeld law firm. We were unaware at that time that Dr. Iavarone's bills had apparently not been paid. We became aware of that fact when Dr. Iavarone filed a lawsuit against Mr. Stensrud in, I believe it was February of 2010. We answered on Mr. Stensrud's behalf and we filed a third-party complaint against Mr. Trent. Contrary to what Mr. Trent is saying, we looked very carefully at the circumstances and at the documents that we had available and at the documents that he provided us and our third-party complaint against the Trent defendants was not based on a Dr. Iavarone's bill. Our contention was based on a claim that the third-party defendants were, under these circumstances, liable to indemnify Mr. Stensrud to the extent that he was liable to Dr. Iavarone. And the reason for that is, as is alleged in the third-party complaint, that Mr. Trent and his law firm had first of all referred Mr. Stensrud to Dr. Iavarone for a, that on an ongoing basis Dr. Iavarone had reflected Trent as the insuring party in its billing system. There was information and an acknowledgement by Dr. Iavarone that the bills for his treatment were not sent to Mr. Stensrud. They were sent to Mr. Trent in his office. And under these circumstances, Mr. Stensrud continued his treatment after the workers' compensation carrier indicated that they would no longer be paying. He continued that treatment based upon the direction to him and the information provided to him that he should continue the treatment if it was necessary and that he should understand that they would work it out in the settlement of the workers' comp case. Then, didn't the Trent defendants file a motion to dismiss your complaint and the judge denied that? That is correct. It was a 619 motion and the judge denied that? He did. And there were extensive affidavits by myself laying foundation for documents that we had obtained from the workers' compensation defense counsel and other documents that we had received in discovery in the Cook County case. In addition, there was an extensive affidavit from Mr. Stensrud outlining what had happened and what the circumstances were surrounding the fact that he continued with treatment under Dr. Ivarone even though the workers' comp carrier had indicated they wouldn't be paying anymore. Counselor, perhaps you can clarify something that Mr. Trent alluded to. I thought he said something about there was an arbitration hearing prior to the filing of the lawsuit, the third-party suit, where it was determined that Mr. Stensrud was solely responsible for the bills? No. That isn't correct. The arbitration I believe he's referring to is the arbitration in this underlying case, the DuPage County case involving Ivarone. And in that case I appeared on Mr. Stensrud's behalf. We had an arbitration hearing. It was contested and the panel determined that as of this point, remember, the third-party complaint had been non-suited. And so, and more importantly... It had already been non-suited? It had been non-suited and prior to the non-suit we had amended our complaint in the Cook County case to reflect that we were making a claim against Trent and the other defendants for any exposure that Mr. Stensrud had to Dr. Ivarone's in our view as it had been from the beginning that should never that situation should never have come to pass if Mr. Trent had simply submitted Dr. Ivarone's billing to the comp carrier or had picked up the phone and called his friend, Dr. Ivarone and  to some kind of a compromise on your bill because we're going to try and settle this case. None of that happened. Did you identify to the trial court in DuPage County I think that's where we're arguing we're litigating here. Yes. On February 11th, why you were non-suiting voluntarily non-suiting this complaint? It was February 25th in DuPage County. Oh, that's when you filed your motion I apologize, on February 25th. February 25th, I did not. It was it was I had previously received a telephone call from plaintiff's counsel saying that he would not be appearing and had no objection. I did not, frankly, anticipate to that anyone else would be appearing on behalf of Mr. Trent. Which plaintiff? Now we're talking Dr. Ivarone. I'm talking Dr. Ivarone's attorney. I'm sorry. Mr. Trent has raised the issue of not receiving Trent defendants, I believe, not receiving notice of the voluntary non-suit and having the opportunity to object as well as relate the issue as being dismissed without cause. What's your response to why they didn't receive notice? My speculation is that the Mulherrin-Rayfield Law Firm is a large firm many attorneys many staff persons My assumption is that at some level the notice was misdirected. Are you conceding they should have gotten notice? I agree that they should have gotten notice and I would further state that we sent notice and there's an affidavit of record indicating that we forwarded notice as we were required to. So you did try and serve the Trent defendants, is that what you're saying? No, we sent notice to Patricia Argentati and the Mulherrin-Rayfield Law Firm, which was the law firm that was of record representing the Trent defendants. You've had the Trent defendants? Absolutely not. And your reason for not going there is because they didn't have an appearance? They weren't of record. I think it would have been improper had we had contact with them when they were represented by counsel. I was going to say we have defendants here who actually have a legal background, but if they were not the Trent defendants as we now call them, and they were Susan Hutchinson litigant, would you have sent me a notice if I had an attorney of record? If you had an attorney of record, no I would not. Unless for some reason I felt I had to communicate directly with you, in which case I would first, I believe under the rules, have to contact your counsel and get permission to do that. Had you ever had any problems in the past dealing with Ms. Argentati, who appears to be the one who's handling this litigation, wherever it happens to be? No. And to that effect, if you look at the record, the order from December 15, 2010, is the order that sets the arbitration hearing. And in that order it also directs that the depositions be completed by February 28, 2010. At that time, and by the way, that order I believe is prepared by the Mulherin law firm. At that time I indicated to counsel for Mr. Trent that we anticipated not suing the third party claim because frankly we didn't want to be doing depositions twice and we didn't want to have a hearing twice. Is that communication in your affidavit? I don't believe it is. Is that communication any place in the record? Other than by inference, no. In any event, the Trent defendants, as we're calling them now, did not have a separate appearance on the file? Correct. And in fact no depositions took place and the depositions in the Cook County case took place late last summer and into the fall and are ongoing. Can we move into an overarching question, maybe you'll get to it anyway. Mr. Trent appears to be arguing that the plain language of 137 does not prevent trial court toward turning speech and responding to a motion for sanctions. He doesn't believe the law allows that. What's your response? That is absolutely contrary to the face of Rule 137. Rule 137 applies to pleadings, motions, and papers. I will concede that this motion is not a pleading, but it is a motion, clearly, and it certainly is a paper. And under two of the three circumstances that are covered by Rule 137, this is covered. To suggest that a particular type of proceeding that involves motions or pleadings is not covered by Rule 137, if that's what they meant, I would assume they would have said that. But it includes all motions, all pleadings, all papers. So why should we uphold the trial court's ruling on this case? In this instance, the first of all, the defendants argued the merits of the claim against them in the motion to dismiss that was denied. At that juncture, the court had made, and this was not just on the pleadings, it was based on affidavits and based on the court's review of the facts that were submitted by both sides. And essentially nothing changed from that point. But setting that aside, what the trial court did in this case, Judge Kelsey, what he did is he made the determination that the motion for sanctions made on behalf of the Trent defendants was based upon the circumstances surrounding the non-suit and the alleged failure to receive notice of the non-suit. And his conclusion was, and I think it was a correct conclusion, is that with the substance of the case still ongoing in the Cook County case, that the only thing that was at issue was the propriety of the non-suit and the aftermath of that. And he concluded, and I believe this is correct, that we did absolutely nothing wrong. Well, what about his argument, well, hey, wait a minute. All right? You know, we were entitled to a hearing. You know, as a matter of fundamental fairness, this shouldn't have been out of the motion. Why didn't we get a hearing? Well, first of all, they did get a hearing. They were, first of all, it was briefed. Secondly, they were given the opportunity for oral argument by Judge Kelsey. And then over and beyond that, they had an additional hearing in conjunction with the motion for reconsideration. They had the chance, and they took full advantage of the chance, to argue every conceivable basis on which they might have some rights. And Judge Kelsey's conclusion at the outset was correct, which is that first of all, you had no right to notice You, the defendant, had no right to notice. You had not filed an appearance. Secondly, it is clear from the record that even if the Mulherin law firm had received notice, their only recourse at that point was to come to court and object on the basis that we had requested the non-suit be without costs. And they had no substantive basis whatsoever to object to the non-suit. And apparently they didn't receive the notice. But even had they received the notice, there was nothing substantive that they could have objected to. And Judge Kelsey, I think, correctly took the view that this is so clearly established to the law in this situation. It's because everybody in a courtroom in the state of Illinois knows that that's what happens and that's how it's done. And for the Trent defendants to come in and attempt to, first of all, litigate as a side issue the substance of the third party complaint when it was already pending before the Cook County Circuit Court, by the way, with an order prepared by the Mulherin Law Firm, there was no basis. When you or your firm filed on April 13th of 2011 the motion to strike and dismiss in lieu of response to the motion for Supreme Court 137 sanctions, what was the basis you were alleging in, you say, you're bringing a motion to strike or alternatively for some redetermination in lieu of response pursuant to 2619-89. What was the purpose of that? What were you going to allege or what did you allege? What we alleged, what we were intending to do is to permit the court to do, in fact, what it did, which is to look at the, to ascertain that there was no basis for it to get to the substance of the motion because it was not in a posture where that was right. It was already pending before the Circuit Court of  There was no basis for the court to even get into that discussion and that was our intent. And the only, and Mr. Trent, counsel argues that you didn't file an affidavit attached to that particular 619-A. What was the only, I mean, obviously you're saying people knew there was something pending in Cook County, but what affidavit would you have filed? Well, I think the only affidavit that we would have filed, which is the affidavit that is already of record, which is the affidavit of service of the motion denounced, and... So there was something in the file? There was something in the file and I think the law is clear that the requirement of an affidavit also extends, I mean the court clearly in a 619 motion can consider pleadings and other matters that are of record, and to suggest that you have to in the court file put an affidavit on it to say it's in the court file makes no sense. Any other questions? Thank you, counsel. Thank you. Now, I will apologize, you'll have a chance Mr. Trent, I apologize, there's a drum and bugle that is rehearsing next door so that's the sound that you hear and if it's distracting... I did. They're back. They had stopped for a while but they're back, so if it's troublesome I can't stop it so I apologize. Mr. Trent? It won't bother me. Okay, I heard that again. Here's the issue and please don't be distracted by it. Rule 137 is there for a purpose, to be followed by lawyers. This law firm did not follow Rule 137 by doing a reasonable inquiry prior to filing a lawsuit against our firm. Filing a lawsuit against anybody is a serious matter. You have to do a reasonable inquiry according to the clear language in the statute. They did not do that. They dragged us through the court system for almost one year and unnecessarily incur attorney's fees. I'm not going to cite, read the language of the statute to you, but that's the issue in this case. If they would have followed Rule 137 did a reasonable inquiry and they had the documentation in front of them they should not have filed a counter claim against us. And for Mr. Tater to say there's a lawsuit in Cook County against us? Then proceed against us in Cook County. Not drag us through the system in DuPage County for almost one year and have us incur unnecessary attorney's fees? Now let me tell you the misstatements by Mr. Tater. Rule 137, they did not file a motion, Rule 137 against us for attorney's fees. They asked Judge Kelsey for attorney's fees. Whatever they asked for, Judge Kelsey gave them. Yes, file your petition for attorney's fees. So they did that and Judge Kelsey granted their petition for attorney's fees. There's no petition on file for them for attorney's fees. And for Mr. Tater to say everybody that files a motion 2-619 attaches an affidavit. You attach an affidavit to their motion. They did not do that. Doesn't 619 start at the premise? If the grounds are not clear from the record what the issue is, then an affidavit shall be filed. What grounds were not clear? If you look at page 9 of their transcript, their brief, they admit in the second paragraph, procedurally the court was not in the posture for the trial court under DuPage Ivor on lawsuit to consider Rule 137. Where the substantive issues were in Cook County, then I submit why didn't they file the lawsuit against us in Cook County? Why did they do that to us in DuPage County? Why didn't they follow Rule 137? Why did Judge Kelsey not give us a hearing with regard to Rule 137? You're entitled to a hearing on Rule 137. If you look at the transcript he said he read the paragraph, he did not believe there was a basis for Rule 137, and he just summarily dismissed it. Procedurally, that's wrong. We are, Rule 137 is an important rule. It's there for a reason. We were entitled to a hearing. We were denied that hearing. He just dismissed it without giving us a hearing. Are there any more questions? I just submit one more time, Your Honors. This is important maybe not only for our law firm, but any lawyers that file lawsuits against any party out there, including lawyers or members of the public, it's important that they comply with Rule 137 and do a reasonable inquiry. The language is clear. The lawyers are capable of reading it. And I'm not going to embarrass this Court by reading the statute to you. That's what this case is about. They did not comply with Rule 137. And they should. We were entitled to a hearing. And I'm asking this Court to reverse and remand it. Give us a chance to have a hearing. Then we'll find out through witnesses and testimony if they comply with Rule 137. This case is very important, not just for our law firm, but for lawyers filing lawsuits against other people. Any questions? No, sir. Thank you. Thank you. Counsel, thank you for your argument in this matter. We will take the matter under advisement. We will grant a decision soon. And we now stand adjourned.